CHECKER CAB COMPANY OF HOT SPRINGS *v.* LEEPER.

4-7434                                      182 S. W. 2d 871

Opinion delivered October 23, 1944.

*Jay M. Rowland* and *Leo P. McLaughlin*, for appellant.

*Agnes Ashby* and *J. H. Lookadoo*, for appellee.

HOLT, J. June 2, 1943, appellees sued appellant. Appellee, S. T. Leeper, sought to recover for damages to his automobile and appellee, Alberta McGhee, for personal injuries. Among other things, they alleged that while they were traveling on highway 26 near Arkadelphia, in a car driven by appellee, Leeper, "they met a car belonging to the defendant, Checker Cab Company, and being operated for them at the time"; and that while said car was being so operated by defendant, defendant "carelessly and negligently permitted the car to come over on these plaintiffs' side of the road and collide head-on with plaintiff's, S. T. Leeper's, car, and injured these

plaintiffs," and Leeper's car. After setting forth the extent and nature of the injuries to appellee, Alberta McGhee, and damages to Leeper's car, they prayed for judgment in the amount of $225 for damages to the car and for $1,000 for appellee, Alberta McGhee, for alleged personal injuries.

Service of summons was had upon appellant on the same day the complaint was filed. June 19, 1943, appellant filed answer denying all material allegations and in addition alleged that the car which collided with that of appellees' was at the time being driven by W. R. Lair, who had leased the car from appellant in the regular course of business; that Lair was a capable and competent driver, was not employed by appellant in any capacity, was on no mission for appellant, and was engaged solely in a private enterprise of his own, at the time of the alleged injury, and denied any liability.

August 6, 1943, the following judgment (captioned "Default Judgment") was awarded appellees: "Now on this the 6th day of August, 1943, the same being a day of the regular July term of court, this cause coming on to be heard, the plaintiffs appearing in person and by their attorney, J. H. Lookadoo, and the defendant coming not, although defendant had filed an answer herein, but the defendant comes not, although three times called at the bar of this court. And thereupon the plaintiffs demanded a trial and the case was submitted to the court upon the complaint, with the exhibits thereto, filed herein, the summons issued herein against the defendant and the return of the sheriff of Garland county, Arkansas, thereon showing proper service for the time and in the manner required by law, and the evidence introduced by plaintiffs, from all of which, and other things, matters and proof before the court, the court doth find: that this is the day which was regularly set for the trial of this cause; that the defendant has been duly served with summons for more than twenty days before the first day of this court term, as required by law; that the defendant filed its answer but failed to defend. It is, therefore, by the court considered, ordered and adjudged that the

plaintiffs, S. T. Leeper and Alberta McGhee, do have and recover of and from the defendant, Checker Cab Company of Hot Springs, Arkansas, any amount that may be adjudged later on by a jury properly empaneled to hear the evidence pertaining to the amount of damages, together with all plaintiffs' cost herein paid, laid out and expended for all of which execution may issue if and when the jury has properly awarded judgment."

January 24, 1944, appellant moved to have the alleged "Default Judgment" of August 6th set aside. This motion, which does not appear to be set out in the record, was overruled, whereupon on this same day, it being the first day of the regular January term of the Clark circuit court, all parties being present and ready for trial, the question of the amount of damages to appellee's, Leeper's automobile and the amount that Alberta McGhee should recover for personal injuries was submitted to a jury on instructions, not complained of here, which resulted in a verdict in favor of appellee, Alberta McGhee, in the amount of $800, and for S. T. Leeper in the amount of $213.54.

In apt time, appellant filed its motion for a new trial, in which it alleged: "1. That the court erred in refusing to set aside the default judgment heretofore rendered in this case, and that the said default judgment is contrary to law; 2. That the damages allowed the plaintiff, S. T. Leeper, are excessive under the evidence; 3. That the damages allowed to the plaintiff, Alberta McGhee, are excessive under the evidence." The court overruled this motion and this appeal followed.

Appellant says: "The only question for consideration on this appeal from the judgment by default is whether the allegations of the complaint are sufficient to authorize the judgment. A judgment by default upon a complaint failed to state facts sufficient to constitute a cause of action is reversible on appeal."

It will be observed from the record of proceedings in this cause that after appellees filed their complaint and service of summons was duly had upon appellant,

appellant answered. The issues were thus joined. On the pleadings on August 6, 1943, the cause was ready for trial. Appellant did not appear. No motion had been filed by appellant to make the complaint more definite and certain. Appellees were entitled to a trial. (§ 1533, Pope's Digest.)

The judgment of August 6, 1943, recites that the court, upon consideration of the complaint, service of summons, answer, "the evidence introduced by plaintiffs (appellees), from all of which, and other things, matters and proof before the court," found that appellant was liable to appellees in amounts "that may be adjudged later on by a jury properly empaneled to hear the evidence pertaining to the amount of damages," etc. While this August 6th judgment was captioned "Default Judgment," it was not in fact a default judgment, for the reason that an answer had been filed, issues joined, and testimony heard by the court. In these circumstances, even though the complaint imperfectly stated a cause of action, in the absence of a showing to the contrary, we must assume that it was treated as amended to conform to the proof. The judgment of August 6th was in effect an interlocutory judgment, in which the liability of appellant was properly determined and the amount of damages left to be assessed, and was assessed, by a jury at a later date, January 24, 1944. We find no error in these proceedings. See *McLain Surv.* v. *Taylor et al.,* 9 Ark. 358.

Appellant next contends that the judgments were excessive. It could serve no useful purpose to detail here the testimony on this point. It suffices to say that after a review of the record, we are of the opinion that there is ample testimony to support the finding of the jury, both as to damages to Leeper's car and as to personal injuries received by Alberta McGhee.

Finding no error, the judgment is affirmed.